UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| WELLS FARGO BANK NA,<br><br>           Plaintiff,<br><br>    v.<br><br>MIKE KAY, et al.,<br><br>           Defendants. | Case No. 20-cv-05481-JSC<br><br>**ORDER RE: MOTION FOR SERVICE BY PUBLICATION**<br><br>Re: Dkt. No. 14 |

Wells Fargo brings this interpleader action seeking to implead $25,000 with the Court which is current the subject of a dispute between Defendant Mike Kay and Defendant CRF Small Business Loan Company, LLC ("CRF").  The dispute arises from a wire transfer from CRF to Mr. Kay which CRF contends was the result of a fraud.   Wells Fargo has served CRF and CRF has answered the complaint.  (Dkt. Nos. 7, 9.)  Wells Fargo has attempted to serve Mr. Kay, but it has been unable to locate him.  Wells Fargo thus requests permission to serve Mr. Kay by publication. (Dkt. No. 14.)  After carefully considering the motion, the Court concludes that oral argument is unnecessary, *see* N.D. Cal. Civ. L.R. 7-1(b), and GRANTS the motion for service by publication.

**BACKGROUND**

This action involves a wire transfer sent by CRF to Mr. Kay's Wells Fargo account. Because CRF now disputes the legality of the transfer, Wells Fargo filed the underlying impleader action.  Wells Fargo attempted to serve Mr. Kay via the address he used when he opened his Wells Fargo account: 2212 High Street, Apt. E. Oakland, California.  (Dkt. No. 14-1 at ¶¶ 3-4; Dkt. No. 16 at ¶ 5, Exhibit A.)  However, the process server found that the apartment was "visibly vacant." (Dkt. No. 16, Exhibit A.)

Wells Fargo retained First Legal Investigations to locate Mr. Kay.  (Dkt. No. 16 at ¶ 2.)

First Legal searched several public record indexes and identified a second address for Mr. Kay: 1729 15th Street, Apt. 5, Oakland CA. 94607.  (*Id*. at ¶¶ 3-4.)  When the process server attempted to locate the 1729 15th Street address, he discovered that there was no such address: 1729 15th Street does not exist.  (Dkt. No. 16, Exhibit B.)  First Legal attests that they have been unable to locate Mr. Kay and that they know of "no person, firm or entity, [who] knows, or is likely to know, the current residential or business whereabouts of [Mr. Kay]."  (Dkt. No. 16 at ¶ 11.)

## DISCUSSION

Federal Rule of Civil Procedure 4(e) authorizes service of process pursuant to the laws of the state in which the district court sits. California law allows for five basic methods of service: 1) personal delivery to the party, *see* Cal. Civ. Proc. Code § 415.10; 2) delivery to someone else at the party's usual residence or place of business with mailing after (known as "substitute service"), *see id*. § 415.20; 3) service by mail with acknowledgment of receipt, *see id*. § 415.30; 4) service on persons outside the state by certified or registered mail with a return receipt requested, *see id*. § 415.40; and 5) service by publication, *see id*. § 415.50. Here, Wells Fargo seeks leave to effectuate service under Section 415.50 which authorizes service by publication. Service by publication is permissible under California law if it appears that the party to be served cannot with "reasonable diligence be served in another manner specified in this article" and "[a] cause of action exists against the party upon whom service is to be made or he or she is necessary or proper party to the action." Cal. Code Civ. Proc. § 415.50(a).

Wells Fargo's motion and the accompanying declarations establish that Wells Fargo has not been able to effectuate service through other means despite its reasonably diligent efforts. The Court therefore concludes that service by publication is proper.

## CONCLUSION

For the reasons stated above, Wells Fargo's motion for service by publication is GRANTED.  (Dkt. No. 14.) Wells Fargo shall serve Mr. Kay by publication in accordance with Cal. Code Civ. Proc. § 415.50 in the East Bay Express once a week for four consecutive weeks. Upon completion of the fourth consecutive publication, service shall be deemed complete.  Wells Fargo shall complete service by publication by February 16, 2020.

This Order disposes of Docket No. 14.

**IT IS SO ORDERED.**

Dated: November 16, 2020

_____
JACQUELINE SCOTT CORLEY
United States Magistrate Judge